UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAFAEL GUTIERREZ

                        Plaintiff,

    - against-                                  **COMPLAINT**
                                                    **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, and
DETECTIVE PAOLO RUIZ SHIELD # 4820,

                        Defendants.

-----------------------------------------------------------X

      Plaintiff, Rafael Gutierrez, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

1. This civil rights action stems from the violations of Plaintiff's constitutional rights, including his, being subjected to a malicious prosecution, and the denial of a fair trial due to the arrest and prosecution of the Plaintiff without probable cause and due to the Defendants causing Plaintiff to be prosecuted while knowing Plaintiff was not guilty of the crimes alleged against him.

2. Plaintiff brings these claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, as well as pursuant to the New York City (NYC) Administrative Code § 8-802.

3. Jurisdiction is founded upon the existence of a Federal Question as this is an action to redress the deprivation, under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments as made applicable to the states via the Fourteenth Amendment to the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as the events giving rise to this Complaint occurred in this district.

6. This Court has supplemental jurisdiction over Plaintiff's NYC law claims pursuant to 28 U.S.C. § 1367, as they are so related to his federal claims that they form part of the same case and controversy.

7. This suit is brought for violations of NYC Administrative Code § 8-802 as authorized against the individual Defendant pursuant to § 8-803(a) and against NYC pursuant to § 8-803(b) and Plaintiff is authorized to bring this lawsuit in this Court pursuant to the protections afforded him under 8-803(c).

**Parties**

8. Plaintiff Rafael Gutierrez, is an Hispanic male, and he is and was at all relevant times, a resident of the Bronx, New York.

9. Defendant NYC is a municipal corporation duly organized and existing under the laws of the State of New York.

10. At all relevant times, NYC, through its agents, servants, and employees, operated, maintained, and controlled the NYPD which acts as its agent in the area of law enforcement, and for which NYC is ultimately responsible.

11. Defendant Detective Paolo Ruiz is, and was at all times relevant a police officer employed by the NYPD, acting within the scope of his employment, and acting under color of state law

and he is sued herein in his capacity as an individual.

## Statement of Facts

12. On August 23, 2019 at approximately 5:58 PM in the vicinity of 260 Brook Avenue, Bronx County, there was a shootings resulting in two men incurring non fatal injuries.

13. Just prior to the shooting, Plaintiff was walking towards a store to purchase food.

14. While Plaintiff was in the area, two men fired weapons at the victims who were both struck.

15. Plaintiff turned and ran shortly after he witnessed the gunfire occurring.

16. The Defendant, Detective Ruiz in the Criminal Complaint he drafted under penalty of perjury swore falsely to having viewed the video surveillance camera footage of the incident and that in said video footage he saw the Plaintiff raise his arm in the direction of two individuals in front of him while holding an object in his hand; something that clearly does not appear on the video.

17. Detective Ruiz passed these false allegations on to the Bronx District Attorney's Office.

18. Defendant Detective Ruiz's false allegation that the Plaintiff was holding an object, clearly a reference to a gun, was the sole information used to initiate the prosecution of Plaintiff for crimes the video clearly proves he did not commit.

19. It was Detective Ruiz' intentional false allegations alone which caused the Plaintiff's harms.

20. Mr. Guteirrez was falsely alleged to have committed the crimes of PL 110/125.25(1) Attempted Murder in the 2nd degree; PL 120.10(1)Assault in the 1st Degree; Criminal Possession of a Weapon in the 2nd Degree PL 265.03(3) and 265.03 (1) (b); PL 120.25 Reckless Endangerment in the 1st Degree; PL 120.05(2) Assault in the 2nd Degree; PL 265.02(1) Criminal Possession of a Weapon in the 3rd Degree; PL 265.01-b(1) Criminal

Possession of a Firearm; PL 120.00(1) Assault in the 3rd Degree; PL 265.01(2) Criminal Possession of a Weapon in the 4th Degree; and PL 240.26(1) Harassment in the Second Degree.

21. Mr. Guteirrez was arrested on the false charges and spent approximately two days in jail before raising bail.

22. Mr. Guteirrez had to repeatedly appear in court until February 22, 2023 including on 9/6/2019 (criminal court arraignment) 9/10/2019, 10/29/19, 1/22/20, 1/27/20, 1/31/20, 3/5/20, 3/9/20, 7/7/20, 9/16/20, 11/16/20, 2/1/21, 5/10/21, 7/20/21, 9/28/21, 12/8/21, 1/25/22, 3/3/22, 4/25/22, 6/8/22, 7/19/22, 9/14/22, 10/6/22, 11/14/22, 12/1/22 and on 1/12/23, when all the charges were dismissed and sealed.

23. Mr. Gutierrez lost the opportunity to work, he made more than 25 forced court appearances, he was pecuniarily and emotionally harmed, and he feared being incarcerated for a long period of time over crimes he did not commit, due to the fabrications of Detective Ruiz.

### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. §1983 VIA MALICIOUS PROSECUTION AGAINST DETECTIVE RUIZ

24. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

25. By reason of the forgoing, Defendant Ruiz violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, via a malicious prosecution.

26. Plaintiff was subjected to a malicious prosecution by the Defendant who caused and continued his arrest and indictment, without probable cause, the arrest was effected with malice and the charges terminated in Plaintiff's favor via a dismissal.

27. Plaintiff's arrest and indictment were procured entirely due to the false allegations brought by Detective Ruiz.

28. Defendant's actions resulted in the Plaintiff being arrested, handcuffed, indicted, spending time in jail, being forced to appear in court more than 25 times, making it necessary for Plaintiff to raise money for bail, his prosecution on the false charges made him fear being incarcerated for most of his adult life, Plaintiff incurred pecuniary harms, and he was otherwise harmed.

29. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, an award of punitive damages against the Defendant Ruiz to be determined by the jury and an award of attorneys' fees and costs is appropriate pursuant to 42 U.S.C. §1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS VIA DENIAL OF A FAIR TRIAL AGAINST DETECTIVE RUIZ

30. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

31. Plaintiff's rights were violated pursuant to the Fourth, Fifth and Sixth Amendments made applicable to the states pursuant to the Fourteenth Amendment, as well as pursuant to the due process clause of the Fourteenth Amendment to the United States constitution via the denial of a fair trial.

32. The Defendant fabricated evidence that was likely to influence a jury's decision, forwarded that information to prosecutors, and the Plaintiff suffered a deprivation of liberty as a result.

33. The Defendant procured the arrest and indictment of the Plaintiff by perjury and other police misconduct undertaken in bad faith and the Defendant failed to inform the ADA of flaws in the evidence he caused to be forwarded to the Bronx District Attorney.

34. Defendant's actions resulted in the Plaintiff being arrested, handcuffed, indicted, spending time in jail, being forced to appear in court more than 25 times, making it necessary for Plaintiff to raise money for bail, his prosecution on the false charges made him fear being incarcerated for most of his adult life, Plaintiff incurred pecuniary harms, and he was otherwise harmed.

35. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, an award of punitive damages against the Defendant Ruiz to be determined by the jury and an award of attorneys' fees and costs is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
MALICIOUS PROSECUTION AND DENIAL OF A FAIR TRIAL
AGAINST DEFENDANTS RUIZ AND NYC
PURSUANT TO NYC ADMINISTRATIVE CODE § 8-802 and
§ 8-803 (b & c)**

36. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

37. Defendants Ruiz and NYC are liable to the Plaintiff for their causing the malicious prosecution and denial of a fair trial pursuant to NYC Administrative Code Sections 8-802 & 8-803(b & c) of the Plaintiff.

38. Detective Ruiz pursuant to 8-803(a) is a covered individual liable to the Plaintiff as the person deprived of his rights guaranteed by 8-802.

39. Pursuant to 8-803(b), NYC, as the employer of the covered individual Detective Ruiz, who in this matter, while acting under color of law, subjected and caused Plaintiff to be subjected to the deprivation rights created, granted and protected by section 8-802 is liable, based upon the conduct of such covered individual, to the Plaintiff for relief in the form of damages.

40. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, an award of punitive damages against the Defendant Ruiz to be determined by the jury and an award of attorneys' fees and costs is appropriate pursuant to New York City Administrative Code §8-502(a & g).

**WHEREFORE,** Plaintiff demands judgment against the Defendants and each of them, as follows:

1. Declaratory relief finding that Plaintiff's rights under the United States Constitution and the NYC Administrative Code were violated;
2. Compensatory Damages against Defendants, jointly and severally, for the damages Plaintiff sustained as a result of Defendants' unlawful actions;
3. Punitive Damages against the individual Defendant for his intentional, reckless, and wanton conduct, in an amount sufficient to punish and deter such conduct in the future;
4. Reasonable Attorneys' Fees and Costs of this action pursuant to 42 U.S.C. § 1988 as well as pursuant to New York City Administrative Code §8-502(a & g);
5. Prejudgment and Post-judgment Interest on all damages awarded, as allowed by law;
6. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 13, 2024

                                                          /s/
                                      FRED LICHTMACHER
                                      The Law Office of Fred Lichtmacher PC
                                      159 W 25th Street Suite 510
                                      New York, NY 10001
                                      (805) 907-5309
                                      Empirestatt@aol.com

The City of New York
100 Church Street
New York NY 10007

Detective Paolo Ruiz Shield # 4820
40th Precinct
567 E 149th Street,
Bronx, NY, 10455